IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WASTE MANAGEMENT, INC. OF TENNESSEE, <br><br> Plaintiff, <br><br> v. <br><br> GORDON MOCK, a Texas citizen, d/b/a CONSTRUCTION EQUIPMENT SERVICES, <br><br> Defendant. | NO. 3:09-00409 <br> JUDGE HAYNES |

**ORDER**

Plaintiff Waste Management, Inc. of Tennessee ("WMI"), a Tennessee corporation, filed this action under 28 U.S.C. § 1332, the federal diversity statute, against the Defendant Gordon Mock, a Texas citizen doing business as Construction Equipment Services. WMI's claim arises from the Defendant's alleged fraudulent billing of WMI.

Before the Court is Defendant's motion to dismiss (Docket Entry No. 7), asserting the lack of subject matter jurisdiction and improper venue under 28 U.S.C. § 1391. Defendant asserts that Plaintiff is a Texas citizen because Plaintiff's principal place of business is in Texas. Absent a dismissal for lack of jurisdiction, the Defendant seeks a transfer of this action to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).

Plaintiff, a Tennessee corporation, lists in its corporate charter that its principal place of business is located in Texas. (Docket Entry No. 13-1, Gessel Affidavit at ¶ 3). Plaintiff insists that its actual principal place of business is Tennessee, citing its collection and waste disposal activities in Tennessee. Id. at ¶ 5. Plaintiff has offices in Nashville, Tennessee and Franklin,

Tennessee and its personnel records are at its Nashville office. Id. at ¶ 6. Plaintiff's income generating actually is in Tennessee as are its employees. Id. at ¶¶ 8-9. Plaintiff's corporate decisionmakers are at Plaintiff's Franklin office. Id. at ¶ 10. The majority of Plaintiff's fleet equipment is maintained and utilized in Tennessee. Id. at ¶ 13. Plaintiff's claims of conversion, fraud, breach of contract, and claims under Tennessee's Consumer Protection Act derive from Defendant's delivery of invoices to Plaintiff's Franklin, Tennessee office, id. at ¶ 11, that Plaintiff approved for payment at its Tennessee offices.

The Sixth Circuit applies the "total activity test" in determining a corporation's principal place of business, "taking into consideration all relevant factors and weighing them in light of the facts of each case." Gafford v. General Electric Co., 997 F.2d 150, 163 (6th Cir. 1993). This test focuses on the facts at the time of the filing of the complaint and focus on, "(1) the situs of corporate decision-making authority and overall control, and (2) the location of production or service activities." Bradaschia v. COFAP of America, Inc., 238 F.3d 419, 2000 WL 1909384, at *3 (6th Cir. 2000) (citing Gafford, 997 F.2d at 162-63).

In sum, "a corporation can have only one principal place of business for purposes of establishing it state of citizenship." Gafford, 997 F.2d at 160. "Where a corporation carries on its business in a number of states and no one state is clearly the state in which its business is principally conducted, the state in which the substantial part of its business is transacted and from which centralized general supervision of its business is exercised is the state in which it has its principal place of business." Jackson v. Tennessee Valley Authority, 462 F. Supp. 45, 49 (M.D. Tenn. 1978).

Based upon the proof of its actual operations at the time this action was filed, the Court concludes that Plaintiff has made a sufficient showing that Tennessee is Plaintiff's principal

place of business are that diversity jurisdiction exist in this action.

As to venue, under 28 U.S.C. § 1391(a)(2), venue lies in "a judicial district in which the substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated." In the Sixth Circuit venue lies in a district that "has a substantial connection to the plaintiff's claim." First of Mich. Corp. v. Bramlett, 141 F.3d 260, 263 (6th Cir. 1998). In Bramlett, the Sixth Circuit found "substantial connection" where "[m]ost of the transactions relating to the defendants' investments took place in Michigan or resulted from contact the Florida defendants had with a Michigan investment broker" Id. at 263-64.

Here, Plaintiff's claims arise from Defendant's delivery of invoices to Plaintiff's Franklin office and Plaintiff contends those billings were for non-existent work on WMI equipment and vehicles in Tennessee, Kentucky and Alabama. The majority of Plaintiff's fleet equipment is in Tennessee. (Docket Entry No. 13-1, Gessel Affidavit, at ¶ 13). Plaintiff approved payment of these invoices at its Tennessee office. Id. at ¶ 12. Based upon the foregoing, the Court concludes that Plaintiff's claims have a substantial connection to this district.

Thus, the Defendant's motion to dismiss or to transfer is **DENIED**.

It is so **ORDERED**.

ENTERED this the 9th day of July, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge